**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH   JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH   COUNTY, FLORIDA

Simone Karakash Tolley
Plaintiff                                          Case # _____
                                                   Judge  _____

vs.

Keel and Curley Retail Sore LLC, Clearence Joseph Keel IV
 Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   5

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jason S Remer         Fla. Bar # 165580
      Attorney or party                (Bar # if attorney)

Jason S Remer          05/17/2022
  (type or print name)           Date

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

Simone Karakash Tolley

_____

_____
Plaintiff(s)/Petitioner(s)

vs

Keel & Curley Retail Store LLC
_____

Clearence Joseph Keel IV
_____
Defendant(s)/Respondent(s)

Case Number: _____

Division: _____

**REQUEST FOR DIVISION ASSIGNMENT**

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

☑ Tampa Division

☐ East Division (check all that apply):
    ☐ The Defendant resides within the East Division boundaries;
    ☐ The cause of action occurred within the East Division boundaries;
    ☐ The property in litigation is located within the East Division boundaries

☐ Prior Division (Please indicate Case Number and Division of previously filed action: _____ )

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders.   If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: Jason Remer
_____

Address: 44 West Flagler Street, Suite 2200
_____
Miami, FL 33130
_____

Phone Number: 305-416-5000
_____

Email Address(es): jremer@rgpattorneys.com
_____

(Revised 08/12/2020)

**IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

**CASE NO:**

**SIMONE KARAKASH TOLLEY,**

      **Plaintiff,**

**vs.**

**KEEL & CURLEY RETAIL STORE, LLC,
CLARENCE JOSEPH KEEL IV,**

      **Defendant.**

_____/

**SUMMONS IN A CIVIL CASE**

**TO: KEEL & CURLEY RETAIL STORE, LLC** through its Registered Agent:

Mango, Jennifer L
5210 THONOTOSASSA RD
PLANT CITY, FL 33565

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

        JASON S. REMER, ESQ.
        REMER & GEORGES-PIERRE, PLLC.
        44 WEST FLAGLER STREET
        SUITE 2200
        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                      DATE

_____
(BY) DEPUTY CLERK

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

Simone Karakash Tolley

_____

Plaintiff(s)/Petitioner(s)

vs

Keel & Curley Retail Store LLC

Clearence Joseph Keel IV

Defendant(s)/Respondent(s)

Case Number: _____

Division: _____

## REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

☑ Tampa Division

☐ East Division (check all that apply):

    ☐ The Defendant resides within the East Division boundaries;

    ☐ The cause of action occurred within the East Division boundaries;

    ☐ The property in litigation is located within the East Division boundaries

☐ Prior Division (Please indicate Case Number and Division of previously filed action: _____ )

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders.  If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: Jason Remer

Address: 44 West Flagler Street, Suite 2200

Miami, FL 33130

Phone Number: 305-416-5000

Email Address(es): jremer@rgpattorneys.com

**IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

**CASE NO:**

**SIMONE KARAKASH TOLLEY,**

      **Plaintiff,**

**vs.**

**KEEL & CURLEY RETAIL STORE, LLC,**
**CLARENCE JOSEPH KEEL IV,**

      **Defendant.**

_____/

**SUMMONS IN A CIVIL CASE**

**TO: CLARENCE JOSEPH KEEL IV**

5210 THONOTOSASSA RD
PLANT CITY, FL 33565

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK                    DATE

_____

(BY) DEPUTY CLERK

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

Simone Karakash Tolley _____

_____
Plaintiff(s)/Petitioner(s)

vs

Keel & Curley Retail Store LLC _____

Clearence Joseph Keel IV _____
Defendant(s)/Respondent(s)

Case Number: _____

Division: _____

**REQUEST FOR DIVISION ASSIGNMENT**

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

☑ Tampa Division

☐ East Division (check all that apply):
    ☐ The Defendant resides within the East Division boundaries;
    ☐ The cause of action occurred within the East Division boundaries;
    ☐ The property in litigation is located within the East Division boundaries

☐ Prior Division (Please indicate Case Number and Division of previously filed action: _____ )

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders.   If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: Jason Remer _____
Address: 44 West Flagler Street, Suite 2200 _____
Miami, FL 33130 _____
Phone Number: 305-416-5000 _____
Email Address(es): jremer@rgpattorneys.com _____

(Revised 08/12/2020)                                    Page 1 of 1

IN THE CIRCUIT COURT OF THE 13TH
JUDICIAL CIRCUIT IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CASE NO:

SIMONE KARAKASH TOLLEY,

      Plaintiff,

vs.

KEEL & CURLEY RETAIL STORE, LLC,
CLARENCE JOSEPH KEEL IV,

      Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, SIMONE KARAKASH TOLLEY ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, KEEL & CURLEY RETAIL STORE, LLC ("Defendant KCR") and CLARENCE JOSEPH KEEL IV ("Defendant Keel"), and states as follows:

### JURISDICTION AND VENUE

1. This action seeks damages in excess of $30,000.00, independent of attorney's fees, costs, and interest, as a result of Defendant KCR's gender discrimination and retaliation and hostile work environment against Plaintiff all in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes ("FCRA").

2.  Plaintiff was at all times relevant to this action, and continues to be, a resident of Hillsborough County Florida, within the jurisdiction of this Honorable Court. Plaintiff is covered employee for purposes of the FCRA.

3.  Plaintiff was at all relevant times an employee of Defendant KCR.

4.  Defendant KCR has a main place of business in Hillsborough County, Florida, where Plaintiff worked for Defendant.

5.  Defendant KCR is accordingly an "employer" as defined by the FCRA.

6.  Plaintiff alleges causes of action for discrimination under the FCRA.

7.  Venue is proper in Hillsborough County because all of the actions that form the basis of this Complaint occurred within Hillsborough County.

8.  As more fully set forth below, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") claiming discrimination and retaliation.

9.  Plaintiff has accordingly exhausted the administrative remedies prior to initiating the instant suit.

10. This is an action by the Plaintiff for damages pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter "FLSA") to recover unpaid minimum wage and/or overtime compensation, and an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. §216(b).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff was employed by Defendant KCR from approximately December of 2020 to March 23, 2021.

13. Plaintiff claims:   I am a female and I believe I was discriminated against by my employer, Keel and Curley Winery, and my coworkers and supervisor based on my sex. The discrimination I was subject to includes, but is not limited to the following: I was hired by Keel and Curley Winery as their Event Coordinator on May of 2020 to help them boost their sales with events. I was allowed full access to everything, and did not have to report to anyone but the owner – Clay Keel. My issues with the general manager Allen Ridell started in December of 2020 when he hired an extra waiter for an event I was coordinating. During the event the server came up to me and requested to leave because there was little for him to do – the other server was taking care of everything, and the event was small - I informed him he could leave. A furious Allen later came up to me and started to berate me on why I had sent the server home, and informed I should never send his employees home. After that I had continuous and unprofessional issues with Allen. On one specific instance on or about March 2021 he said that he would make a great plantation owner, and he would keep all the women in the house as servants. In February of 2021 I was asked to see Mr. Keel for a review of my work. During the meeting I was swamped with negative falsified reviews, which went against everything I had been told previously, and it had never been brought to my attention that I was doing anything bad. I was told by management that going forward I would have to report to Allen, or I could walk away from the position and he would give me a check with what I was owed. I decided to stay, however after two weeks I no longer felt comfortable sharing an office with Allen because of his snide and crude jokes. Allen would make

inappropriate comments about women and discuss fat women and compare women to slobs. On one occasion a maintenance man had left, in our shared office, a plunger with glass beads at the top. When Allen saw the plunger, he asked me if the plunger looked familiar, when I asked him what they looked like he said "Don't they look like Anal beads to you." When I informed Clay I could no longer share an office with Allen, I was moved to an office in the back of the winery. Clay also confirmed my allegations, two days later, and informed me that he confirmed this with other employees. Allen, however, was still not fired or reprimanded. After that I helped a family member of Clay plan a party - Alicia Keel(Stepmom). On or about the month of March 2021, I received an email from Allen to Alicia Keel asking about the party saying he had not been informed of anything, and asking if he needed to do anything. I responded to said email explaining that I had taken care of everything as I was still the event director, and he never replied. The next day I was called into Clay's office and fired because "they wanted to move in another direction." Throughout my employment I was able to perform the essential functions of my job duties and responsibilities, and at all relevant times I did perform my job at satisfactory or above-satisfactory levels. Any reason proffered by my employer for the adverse employment actions are mere pretext for unlawful discrimination.

14. In March of 2021, just weeks before Defendant KCR terminated Plaintiff, Plaintiff complained about sex discrimination with the owner Clay and Clay's mother concerning Allen's comments about women and explained to the owner that Plaintiff felt discriminated against and did not feel comfortable working in the same office as Allen.

15. Defendant KCR, through the owner, informed Plaintiff that the company would conduct an investigation.

16. Plaintiff was terminated by Defendant KCR through Clay in retaliation for Plaintiff's complaints of discrimination.

17. Plaintiff was discriminated against by Defendant KCR based on her gender.

18. Defendant KCR, through its manager, terminated Plaintiff based on her gender.

19. Defendant KCR created a hostile work environment against Plaintiff based on gender and/or retaliation.

20. Plaintiff could perform the essential functions of the job duties.

21. The reason proffered by Defendant KCR for termination is mere pretext for unlawful discrimination based on gender.

22. Plaintiff was fired based on discrimination and/or in retaliation for her complaints of discrimination.

23. Plaintiff worked for Defendant KCR over 40 hours weekly without overtime pay.

24. Plaintiff worked an average of 50 hours a week without Defendant KRC paying any overtime pay for any hours in excess of 40 weekly.

25. Defendant Keel had operational control of Defendant KCR during the time Plaintiff worked for Defendants.

26. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected.

**COUNT I**
***DISCRIMINATION BASED ON GENDER***
***IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT AGAINST DEFENDANT KCR***

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

28. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an

unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's gender.

29. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon gender.

30. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated male employees were allowed better work opportunities.

31. The Plaintiff was terminated as a result of her gender and the reasons given by Defendant, if any, for her termination are mere pretext for illegal discrimination.

32. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

33. Moreover, as a further result of the Defendant unlawful based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

34. Plaintiff was qualified for her position with Defendant.

35. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her gender in the terms, conditions, and privileges of employment.

36. Defendant retaliated against Plaintiff after complaints of gender discrimination and failed to address complaints of discrimination.

37. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of gender.

38. The aforementioned actions of Defendant was done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

## **PRAYER FOR RELIEF**

WHEREFORE, the PLAINTIFF prays that this Court will;

A.  Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B.  Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation, back wages, front wages;

C.  Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any discriminatory employment practices;

D.  Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E.  Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F.  Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G.  For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant PLAINTIFF'S costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury;

K.  Grant such other and further relief as the Court deems just and proper.

<u>**COUNT II**</u>
***RETALIATION IN VIOLATION OF***
***THE FLORIDA CIVIL RIGHTS ACT AGAINST DEFENDANT KCR***

39.  Plaintiff re-adopts each and every factual allegation as stated in 1 through 26 of this Complaint as if set out in full herein.

40.  Defendant is an employer as the term is used under the applicable statutes referenced above.

41.  The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under the FCRA.

42.  The foregoing unlawful actions by Defendant was purposeful.

43.  Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and he was the victim of retaliation thereafter, as related in part above.

44.  Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter and/or requested benefits and was retaliated after requesting benefits.  There is a causal connection between the reporting of the unlawful employment practices or request for benefits and the adverse employment action taken thereafter.

45. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

46. These damages are continuing and are permanent.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H.  Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant PLAINTIFF'S costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury; and

K.  Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT III
### *HOSTILE WORK ENVIRONMENT*
### *IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT AGAINST DEFENDANT KCR*

47. Plaintiff re-adopts each and every factual allegation as stated in 1 through 26 of this Complaint as if set out in full herein.

48. Defendant KCR is an employer as that term is used under the applicable statutes referenced above.

49. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting his under the FCRA.

50. Plaintiff is within a protected class as envisioned by the FCRA.

51. Defendant KCR is liable for this conduct, either vicariously or directly, where Plaintiff complained to management and ownership about the harassment and abuse and no remedial or disciplinary was undertaken.

52. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits,

embarrassment, humiliation, damage to reputation, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.

53. These damages are continuing and are permanent.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant KCR; find that the Defendant KCR indeed violated the FRCA by failing to remedy this hostile work environment; and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I.  Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J.  Grant PLAINTIFF a trial by jury; and

K.  Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

## COUNT IV
### *Wage & Hour Federal Statutory Violation Against DEFENDANT KCR*

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this complaint as if set out in full herein.

55. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

56. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

57. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state

lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

58. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

59. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

60. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

61. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

62. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

63.     Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E.  Require Defendant to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by Defendant, or in lieu of reinstatement, award her front pay;

F.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

G.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT V
***Wage & Hour Federal Statutory Violation Against DEFENDANT KEEL***

64.     Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 26 of this complaint as if set out in full herein.

65.   At the times mentioned, Defendant Keel was, and is now, a corporate officer of corporate Defendant KCR

66.   Defendant Keel was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant Keel acted directly in the interests of Defendant KCR employer in relation to the employees of Defendant KCR employer, including Plaintiff.

67.   Defendant Keel had operational control of the business and is thus jointly liable for Plaintiff's damages.

68.   Defendant Keel willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant KCR as set forth above.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant Keel:

H.   Adjudge and decree that Defendant Keel has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

I.   Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

J.   Award Plaintiff an equal amount in double damages/liquidated damages; and

K.   Enter an award against Defendant Keel and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

L.   Require Defendant Keel to reinstate Plaintiff to her position at the rate of pay and with the full benefits she would have, had she not been discriminated against by

Defendant, or in lieu of reinstatement, award her front pay;

M. Award Plaintiff the costs of this action, together with a reasonable attorneys'  fees; and

N. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

Date: April 19, 2022                    Respectfully submitted,


**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Phone: (305) 416-5000
Fax: (305) 416-5005


_____By: **/s/ Jason Remer**_____
Jason S. Remer, Esq.
Fla. Bar No.: 0165580

**IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

SIMONE KARAKASH TOLLEY

      Plaintiffs,

v.                                   Case Number: 22-CA-004114

                                             Division G

KEEL & CURLEY RETAIL STORE, LLC,; CLARENCE JOSEPH KEEL, IV

      Defendants.

_____

## DIFFERENTIATED CASE MANAGEMENT ORDER &

## NOTICE OF CASE MANAGEMENT HEARING

## ON 1/5/2023 AT 10:00 AM

## (GENERAL CIRCUIT CIVIL CASES FILED AFTER APRIL 30, 2021)

      THIS CAUSE comes before the Court on review of Amendment 12 to Florida Supreme Court Administrative Order AOSC20-23 (the "**Supreme Court Order**").  The Supreme Court Order directs the chief judge of each circuit to issue an administrative order requiring the presiding judge for each civil case to actively manage civil cases in accordance with a differentiated case management process.  Consistent with this requirement, the Chief Judge of the Thirteenth Judicial Circuit issued Administrative Order S-2021-060 (the "**Case Management Plan**") on April 26, 2021.

      Accordingly, it is now

      **FOUND, ORDERED,** and **ADJUDGED** that:

1.  **Designation of Case.**  This case is preliminarily designated as a *General* civil case, as defined by the Supreme Court Order and the Case Management Plan.

2.  **Plaintiff's Obligation to Serve DCM Order on All Defendants.**  Consistent with the Case Management Plan, this Differentiated Case Management Order & Notice of Hearing (the "**DCM Order**") has been generated automatically upon the filing of the complaint and will be provided to Plaintiff along with the summons.  Plaintiff is **DIRECTED** to serve the DCM Order on each and every named defendant in the same manner and at the same time as the complaint itself is served.

Filed 5/18/2022 9:40:58 AM Hillsborough County Clerk of the Circuit Court

3. **Conformity with Supreme Court Order's Directive.**  The deadlines established in this DCM Order are set in conformity with the Supreme Court Order's directive that General civil cases be managed according to the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

4. **Procedure for Modification of Deadlines.**  Counsel or any self-represented parties, or both, may seek to modify the deadlines set forth in this order by either:

   a.   Filing a motion and setting it for hearing; or

   b.   Stipulating to new deadlines and submitting an Amended Differentiated Case Management Order.  The Amended Differentiated Case Management Order ("**Amended DCM Order**") form is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org.  The Amended DCM Order must include a date for a court-ordered case management conference (the "**Court-Ordered Case Management Conference**").  Hearing time for the Court-Ordered Case Management Conference should be secured on either a Uniform Motion Calendar ("**UMC**") docket or a 15-minute hearing docket.

5. **Procedure for Setting Firm Trial Date When Case is at Issue.**  Consistent with the Supreme Court Order's mandate, the deadlines set forth in this DCM Order contemplate a projected trial date within the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).  A firm trial date will be set through entry of a Uniform Order Setting Trial & Pretrial at the Court-Ordered Case Management Conference or as otherwise provided in this order.

6. **Court-Ordered Case Management Conference.**  It is appropriate to set a Court-Ordered Case Management Conference prior to the close of fact discovery to both assess the progress of the case and set a firm trial date.

   a.   **Date and Time for Court-Ordered Case Management Set Below.**  A date and time for the Court-Ordered Case Management Conference is set below.

   b.   **Method of Conducting Court-Ordered Case Management Conference:**  The Court-Ordered Case Management Conference will be conducted remotely through the use of the following technology and connection instructions:

      **Zoom link:** ht https://zoom.us/j/4812642204
      **Meeting ID:** 4812642204.

   c.   **Attendance Mandated.**  Counsel and any self-represented parties **MUST ATTEND** unless otherwise excused by the Court and must be prepared to discuss selection of a firm trial date and corresponding pretrial conference date and time.

     d.  **Process for Securing Excusal from Attending the Court-Ordered Case Management Conference:**

        i.  **Automatic Excusal.**

          1.  Unless otherwise ordered by the presiding judge, counsel or any self-represented parties, or both, are automatically excused from attending the Court-Ordered Case Management Conference if a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) has been submitted to and signed by the Court at least 30 days before the date of the Court-Ordered Case Management Conference; and

          2.  Any party seeking to invoke this automatic excusal provision should notify the judicial assistant by email sent to the division email address within 3 business days of the date the Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) is signed.

        ii.  **Discretionary Excusal.**

          1.  Counsel or self-represented parties, or both, may seek a discretionary excusal from the Court-Ordered Case Management Conference by filing a motion and submitting an agreed proposed order excusing attendance by the Court on one of the following grounds:

            a.  The Court has signed an Amended DCM Order, either by stipulation or by filing a motion and setting a hearing, <u>AND</u> the Amended DCM Order sets a new Court-Ordered Case Management Conference; or

            b.  Counsel has otherwise demonstrated good cause to believe that the case is otherwise in full compliance with the Supreme Court Order's mandate and the Case Management Plan.

     e.  **Failure to Attend Court-Ordered Case Management Conference.**  The failure to attend the Court-Ordered Case Management Conference may result in the case being set for a trial date without input of the absent counsel or self-represented party, or both; dismissal of the complaint without prejudice; entry of a judicial default; monetary sanctions against counsel or any self-represented parties, or both; or any other sanctions deemed appropriate by the presiding judge.

7.  **Firm Trial Date to be Set by Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).**  Once a firm trial date is selected, counsel will be directed to prepare and

submit through the Florida E-Portal (the "**Portal**") a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021), which is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org.  The Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) will require calculation of additional deadlines in a specified manner.

8.  **Requirement to Review and Comply with Administrative Order for Circuit Civil Division.**  Counsel and any self-represented parties are **DIRECTED** to review and comply with all provisions of the Thirteenth Circuit's Administrative Order S-2021-014 (*Circuit Civil Division*), and any successive administrative order.

9.  **Certificate of Conferral for Non-Dispositive Motions.**

    a.  **When Required.**  Except for a motion (i) for injunctive relief; (ii) for judgment on the pleadings; (iii) for summary judgment; (iv) to dismiss or to permit maintenance of a class action; (v) to dismiss for failure to state a claim upon which relief can be granted; or (vi) to involuntarily dismiss an action, before the moving party or moving party's counsel files any other motion, the party or counsel should confer with the opposing party or opposing counsel in a good faith effort to resolve the issues raised by the motion. The moving party or moving party's counsel should include in the body of the motion a statement certifying that the moving party or moving party's counsel has conferred with the opposing party or opposing party's counsel—either in person, by telephone, or by video conferencing device—and stating whether the party or counsel agree on the resolution of the motion. A certification to the effect that opposing party or opposing party's counsel was unavailable for a conference before filing a motion should describe, with particularity, all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the subject motion.

    b.  **Cancelation of Hearing/Denial of Motion Filed Without Certificate of Conferral.**  Counsel and any self-represented parties should anticipate that a hearing set on a motion that lacks such a certification will be canceled and the motion may be denied without a hearing for failure to comply with this requirement.

    c.  **Form of Certificate of Conferral.**  The certificate of conferral should be substantially in the following form:

        <u>**Certificate of Conferral Prior to Filing**</u>

        *"I certify that prior to filing this motion, I attempted to resolve the matter by discussing the relief requested in this motion by <u>[date and method of communication (select one of the following:  in person, telephone, or video conference)]</u> with the opposing party or counsel and <u>[the opposing party or</u>*

*counsel did not agree to that the motion could be resolved without the necessity of a hearing] OR [the opposing party or counsel did not respond and (describe with particularity all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the motion)].***

10. **Discovery Provisions.**

    a. **Fact Discovery.**

        i. All discovery must be served in time for a timely response to be received prior to the deadline for completion of fact discovery.

        ii. All non-expert witness depositions must occur prior to the deadline for completion of fact discovery.

        iii. Failure to timely complete discovery by the deadline for completion of fact discovery may result in, among other things, exclusion of evidence or other sanctions, or both.

    b. **Expert Discovery.**

        i. Expert disclosure must occur by the deadline indicated below.

        ii. Contemporaneous with disclosure of each expert, the disclosing party must provide to all other parties:

            1. No less than five proposed deposition dates, all of which must be prior to the deadline to complete expert discovery; and

            2. For each expert:

                a. Identify the expert's area of expertise;

                b. Identify the subject matter on which the expert is expected to testify;

                c. Summarize the substance of the facts and opinions to which the expert is expected to testify; and

                d. Summarize the grounds for each opinion.

        iii. The court may preclude an expert from testifying outside of the disclosed opinions.

Filed 5/18/2022 9:40:58 AM Hillsborough County Clerk of the Circuit Court

    iv.  All expert witness depositions must be conducted prior to the deadline for completion of expert discovery.

    v.  It is the responsibility of counsel to select experts who:

        1. Are prepared to make themselves available for deposition within the expert discovery period; and

        2. Are prepared to respond promptly to requests for deposition dates.

    vi.  If an expert cannot be deposed prior to the deadline for completion of expert discovery despite timely and reasonable efforts of opposing counsel to secure deposition dates, that expert's testimony may be excluded at trial.

11. **Deadlines.** The deadlines set forth below are **ESTABLISHED** and will **GOVERN** this case and will be strictly enforced by the Court. Counsel and any self-represented parties are **DIRECTED** to review, calendar, and abide by them:

| Action or Event | Date |
|---|---|
| **Complaint filing date.** | 05/17/2022 |
| **Deadline for service of complaint.** [120 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 9/14/2022 |
| **Deadline for adding parties.** [150 days after filing of complaint; subject to Rule 1.210, Fla. R. Civ. P.] | 10/14/2022 |
| **Deadline for service under extensions.** [180 days after filing of complaint; *see* Rule 1.070(j), Fla. R. Civ. P.] | 11/14/2022 |
| **Court-Ordered Case Management Conference.** NOTE:  This hearing will be conducted remotely.  Please see paragraph 6(b) for connection instructions. [210 days after filing of complaint.] | 01/05/2023 At 10:00 AM |
| **Deadline for completion of fact discovery.** | 2/13/2023 |

| | |
|---|---|
| [270 days after filing of complaint.] | |
| **Deadline for filing motion to compel discovery.**<br>[284 days after filing of complaint.] | 2/27/2023 |
| **Plaintiff's expert disclosure deadline.**<br>[300 days after filing of complaint.] | 3/13/2023 |
| **Defendant's expert disclosure deadline.**<br>[330 days after filing of complaint.] | 4/12/2023 |
| **Rebuttal expert disclosure deadline.**<br>[344 days after filing of complaint.] | 4/26/2023 |
| **Deadline for completion of compulsory medical exam, if applicable and requested ("CME").**<br>[390 days after filing of complaint; subject to Rule 1.360(1)(A), Fla. R. Civ. P.] | 6/12/2023 |
| **Deadline for completion of mediation or non-binding arbitration.**<br>[420 days after filing of complaint.] | 7/11/2023 |
| **Deadline for completion of expert discovery.**<br>[420 days after filing of complaint.] | 7/11/2023 |
| **Month and year of the projected trial term.**<br>[540 days after filing of complaint; *see* Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B); firm trial date will be set by entry of a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).] | November, 2023 |

ENTERED by the undersigned judge on the date imprinted below.

22-CA-004114 5/18/2022 9:40:46 AM

22-CA-004114 5/18/2022 9:40:46 AM
Christopher C. Nash, Circuit Judge

Filed 5/18/2022 9:40:58 AM Hillsborough County Clerk of the Circuit Court

Your new case has been received and processed through the e-filing portal and accepted to our local case maintenance system.

Please note the case number and Division Assignment on all future filings.

Case Style: Karakash Tolley, Simone vs KEEL & CURLEY RETAIL STORE, LLC,
Case Number: 22-CA-004114
Division G

The following action has been taken in this case:

(X)  Your summons request was received but payment was not remitted. Each summons requires a $10 fee. In the future, please enter the appropriate number in the box under Additional Fee Options labeled *Summons to be issued $10 each*, to make payment via the E-Portal. ***Please re-submit your summons along with payment through the portal.***

Effective 12/01/2020, our office will prepare, issue the summons and add to the case progress docket for the action. Summons will be prepared based on the attached revised Request for Issuance of Summons form. Summons will be available for download from hover.hillsclerk.com within 48 business hours. Issued summons will no longer be emailed to you after 12/01/2020 and must be downloaded by filer.

http://www.hillsclerk.com/About-Us/Fees-and-Fines

| Please make CASHIER'S CHECK or MONEY ORDER payable to: **CLERK OF THE CIRCUIT COURT** and include your case number on your method of payment **PERSONAL AND BUSINESS CHECK'S CANNOT BE ACCEPTED FOR CASES IN COLLECTIONS.** |
| --- |

| IN PERSON: | |
| --- | --- |
| (Mon-Fri | 9 am – 4 pm) | |
| **Downtown Area** | **Plant City Area** |
| George E. Edgecomb Courthouse | Plant City Courthouse |
| 800 Twiggs Street Room 101 | 301 N. Michigan Ave, Room 1071 |
| Tampa, FL 33602 | Plant City, FL 33563 |

| PAYMENT OPTIONS 24/7 | | |
| --- | --- | --- |
| **BY PHONE:** | **ONLINE**<br>Visa, MasterCard, Discover, American Express | **BY MAIL:** |
| 813-276-8100 | hover.hillsclerk.com | Clerk of the Court<br>P O Box 3360<br>Tampa, FL 33601 |

Jeannette Torres
Court Support Specialist, Civil Court Processing Center
P: (813) 276-8100
E: circivportal@hillsclerk.com | W: www.hillsclerk.com



Edgecomb Courthouse, 1st Fl , Room 103

800 E. Twiggs St, Tampa, FL 33602
_____

Like us on Facebook



NOTICE: Under Florida law, e-mail addresses are public records. If you do not want your e-mail address released in response to a public records request, do not send electronic mail to this entity. Instead, contact this office by phone or in writing.

CONFIDENTIALITY NOTICE: The information contained in this email message is intended for the personal and confidential use of the recipient(s) designated above. This message may contain information that is privileged, confidential and exempt from disclosure under law and any unauthorized or inadvertent use, receipt, disclosure, dissemination or distribution of such information shall not waive any such privilege. If you are not an intended recipient of this message, and/or you have received this message in error, then please notify the sender. Any unauthorized and/or unintended review, use, dissemination, distribution or reproduction of this message, or any of the information contained in it, is strictly prohibited.

**IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

**CASE NO:**

**SIMONE KARAKASH TOLLEY,**

　　　**Plaintiff,**

**vs.**

**KEEL & CURLEY RETAIL STORE, LLC,
CLARENCE JOSEPH KEEL IV,**

　　　**Defendant.**

_____/

**SUMMONS IN A CIVIL CASE**

**TO: KEEL & CURLEY RETAIL STORE, LLC** through its Registered Agent:

Mango, Jennifer L
5210 THONOTOSASSA RD
PLANT CITY, FL 33565

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

　　　　　JASON S. REMER, ESQ.
　　　　　REMER & GEORGES-PIERRE, PLLC.
　　　　　44 WEST FLAGLER STREET
　　　　　SUITE 2200
　　　　　MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK　　　　　　　　　　　　　　　DATE

_____
(BY) DEPUTY CLERK

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**


Simone Karakash Tolley
_____

Case Number: _____

_____

Division:        _____

Plaintiff(s)/Petitioner(s)

vs

Keel & Curley Retail Store LLC
_____

Clearence Joseph Keel IV
_____

Defendant(s)/Respondent(s)


## REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

☑ Tampa Division

☐ East Division (check all that apply):

    ☐ The Defendant resides within the East Division boundaries;

    ☐ The cause of action occurred within the East Division boundaries;

    ☐ The property in litigation is located within the East Division boundaries

☐ Prior Division (Please indicate Case Number and Division of previously filed action: _____ )

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders.   If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: Jason Remer
_____

Address: 44 West Flagler Street, Suite 2200
_____

Miami, FL 33130
_____

Phone Number: 305-416-5000
_____

Email Address(es): jremer@rgpattorneys.com
_____

(Revised 08/12/2020)                                                                           Page 1 of 1

**IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

**CASE NO:**

**SIMONE KARAKASH TOLLEY,**

     **Plaintiff,**

**vs.**

**KEEL & CURLEY RETAIL STORE, LLC,
CLARENCE JOSEPH KEEL IV,**

     **Defendant.**

_____/

**SUMMONS IN A CIVIL CASE**

**TO: CLARENCE JOSEPH KEEL IV**

5210 THONOTOSASSA RD
PLANT CITY, FL 33565

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                        DATE

_____
(BY) DEPUTY CLERK

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**


Simone Karakash Tolley
_____

_____
Plaintiff(s)/Petitioner(s)

vs

Keel & Curley Retail Store LLC
_____

Clearence Joseph Keel IV
_____
Defendant(s)/Respondent(s)

Case Number: _____

Division:        _____


## REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

☑ Tampa Division

☐ East Division (check all that apply):

    ☐ The Defendant resides within the East Division boundaries;

    ☐ The cause of action occurred within the East Division boundaries;

    ☐ The property in litigation is located within the East Division boundaries

☐ Prior Division (Please indicate Case Number and Division of previously filed action: _____ )

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders.   If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: Jason Remer

Address: 44 West Flagler Street, Suite 2200

Miami, FL 33130

Phone Number: 305-416-5000

Email Address(es): jremer@rgpattorneys.com

(Revised 08/12/2020)                                                                                                 Page 1 of 1

**IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

**CASE NO: 22-CA-4114    DIV G**

SIMONE KARAKASH TOLLEY,

      **Plaintiff,**

vs.

KEEL & CURLEY RETAIL STORE, LLC,
CLARENCE JOSEPH KEEL IV,

      **Defendant.**

_____/

**SUMMONS IN A CIVIL CASE**

**TO: CLARENCE JOSEPH KEEL IV**

5210 THONOTOSASSA RD
PLANT CITY, FL 33565

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CINDY STUART        05/18/2022
_____
CLERK        DATE

_V Phillips_
_____
(BY) DEPUTY CLERK



**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

Simone Karakash Tolley
_____

_____
Plaintiff(s)/Petitioner(s)

vs

Keel & Curley Retail Store LLC
_____

Clearence Joseph Keel IV
_____
Defendant(s)/Respondent(s)

Case Number: _____

Division: _____

## REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

☑ Tampa Division

☐ East Division (check all that apply):
    ☐ The Defendant resides within the East Division boundaries;
    ☐ The cause of action occurred within the East Division boundaries;
    ☐ The property in litigation is located within the East Division boundaries

☐ Prior Division (Please indicate Case Number and Division of previously filed action: _____ )

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders.   If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: Jason Remer
_____

Address: 44 West Flagler Street, Suite 2200
_____
Miami, FL 33130
_____

Phone Number: 305-416-5000
_____

Email Address(es): jremer@rgpattorneys.com
_____

(Revised 08/12/2020)                                                Page 1 of 1

**IN THE CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

**CASE NO:  22-CA-4114      DIV G**

SIMONE KARAKASH TOLLEY,

      **Plaintiff,**

vs.

KEEL & CURLEY RETAIL STORE, LLC,
CLARENCE JOSEPH KEEL IV,

      **Defendant.**

_____/

### SUMMONS IN A CIVIL CASE

**TO: KEEL & CURLEY RETAIL STORE, LLC** through its Registered Agent:

Mango, Jennifer L
5210 THONOTOSASSA RD
PLANT CITY, FL 33565

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

      JASON S. REMER, ESQ.
      REMER & GEORGES-PIERRE, PLLC.
      44 WEST FLAGLER STREET
      SUITE 2200
      MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CINDY STUART                    05/18/2022
_____
CLERK                                    DATE

_V Phillips_
_____
(BY) DEPUTY CLERK



**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT,
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**

Simone Karakash Tolley
_____

Case Number: _____

Division:      _____

_____
Plaintiff(s)/Petitioner(s)

vs

Keel & Curley Retail Store LLC
_____

Clearence Joseph Keel IV
_____
Defendant(s)/Respondent(s)

## REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

☑ Tampa Division

☐ East Division (check all that apply):

    ☐ The Defendant resides within the East Division boundaries;

    ☐ The cause of action occurred within the East Division boundaries;

    ☐ The property in litigation is located within the East Division boundaries

☐ Prior Division (Please indicate Case Number and Division of previously filed action: _____ )

I understand that the actual division assignment will be in accordance with the Hillsborough County Administrative Orders.  If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

Name of Attorney: Jason Remer
_____

Address: 44 West Flagler Street, Suite 2200
_____

Miami, FL 33130
_____

Phone Number: 305-416-5000
_____

Email Address(es): jremer@rgpattorneys.com
_____

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

**SIMONE KARAKASH TOLLEY,**

      **Plaintiff,**

**vs.**                                  **CASE NO: 22-CA-4114**

**KEEL & CURLEY RETAIL STORE, LLC,
CLARENCE JOSEPH KEEL IV,**

      **Defendants.**

_____/

**<u>DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO RESPOND TO COMPLAINT</u>**

Defendants, Keel & Curley Retail Store, LLC and Clarence Joseph Keel, IV ("Defendants"), by and through their undersigned counsel and pursuant to Fla. R. Civ. P. 1.090(b)(1)(A), hereby move for an extension of time to respond to the Complaint filed by Plaintiff, Simone Karakash Tolley ("Plaintiff"). In support of this motion, Defendants state:

1.      Plaintiff filed her Complaint on May 17, 2022.

2.      Defendants were served with the Complaint on June 7, 2022.

3.      As such, Defendants' response to the Complaint is due on or before June 27, 2022. Fla. R. Civ. P. 1.140(a).

4.      Counsel for Defendants, Jackson Lewis P.C. need additional time to review documents concerning some of the allegations.

5.      As such, Defendants seeks a two-week extension of time, up to and including Monday, July 11, 2022.

6.      On June 23, 2022 and June 27, 2022, the undersigned attempted to confer with Plaintiff's counsel via e-mail regarding their approval for the extension but has not received a

response. The undersigned called Plaintiff's counsel multiple times, in the attempts to confer on June 27, 2022, but Plaintiff's counsel was unavailable.

7.      This Motion is being made in good faith and for no improper purpose. Further,  the enlargement of time will not prejudice any of the parties or unduly delay the proceedings.

WHEREFORE Defendants, Keel & Curley Retail Store, LLC and Clarence Joseph Keel, IV, respectfully request that the Court grant this Motion and extend the deadline to file a response to Plaintiff's Complaint until Monday, July 11, 2022.

DATED this 27th day of June, 2022.

<div style="margin-left:40%">

Respectfully submitted,

**JACKSON LEWIS P.C.**

By:      */s/Amy K. Recla*_____
**AMY K. RECLA, ESQ.**
**Lead Counsel**
Florida Bar No. 102811
E-mail: Amy.Recla@jacksonlewis.com
E-Mail: Christopher.Gomez@jacksonlewis.com
E-mail: tampadocketing@jacksonlewis.com

**EMERAUDE LEREBOURS, ESQ.**
Florida Bar Number: 1025851
E-mail: Emeraude.Lerebours@jacksonlewis.com
E-mail: Nicole.Villa@jacksonlewis.com

Wells Fargo Center
100 S. Ashley Drive, Suite 2200
Tampa, Florida 33602
Telephone:     813-512-3210
Facsimile:     813-512-3211

*Attorney for Defendants*

</div>

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 27th day of June, 2022 a true and correct copy of the

foregoing was filed with the Clerk of the Court via the Florida e-filing portal, which will provide

electronic notification and service via electronic mail to all counsel of record.

<div align="right">

*/s/Amy K. Recla*
Attorney

</div>

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

SIMONE KARAKASH TOLLEY,

     **Plaintiff,**

vs.                            **CASE NO: 22-CA-4114**

KEEL & CURLEY RETAIL STORE, LLC,
CLARENCE JOSEPH KEEL IV,

     **Defendants.**

_____/

**<u>DEFENDANTS' NOTICE OF APPEARANCE OF EMERAUDE
LEREBOURS</u>**

     Attorney Emeraude Lerebours hereby gives notice of her appearance as counsel for and on behalf of Defendants, Keel & Curley Retail Store, LLC and Clarence Joseph Keel, IV ("Defendants"). The undersigned lead counsel requests that all pleadings, notices, correspondence, and other papers in this matter be directed to the undersigned at the address below.

Dated: June 27, 2022

                    Respectfully submitted,

                    **JACKSON LEWIS P.C.**

                    _/s/ Emeraude Lerebours_
                    **Amy K. Recla, Esq.**
                    **Lead Counsel**
                    Florida Bar No. 102811
                    Email: Amy.Recla@jacksonlewis.com
                    Email: Christopher.Gomez@jacksonlewis.com
                    Email: Tampa.Docketing@jacksonlewis.com

                    **Emeraude Lerebours, Esq.**
                    Florida Bar No. 1025851
                    Email: Emeraude.Lerebours@jacksonlewis.com
                    Email: Nicole.Villa@jacksonlewis.com

                    100 South Ashley Drive, Suite 2200

Tampa, Florida 33602
Tel: (813) 512-3210
Fax: (813) 512-3211

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of June, 2022, a true and correct copy of the foregoing *Defendants' Notice of Appearance of Emeraude Lerebours* was filed with the Clerk of the Court via the Florida e-filing portal, which will provide electronic notification and service via electronic mail to all counsel of record.

*/s/ Emeraude Lerebours*
Attorney

4877-6706-4102, v. 1